944 So.2d 457 (2006)
SIMBABEAR, LLC, Libow & Shaheen, LLP f/k/a Libow & Muskat, LLP, Allen H. Libow and William M. Shaheen, Appellants,
v.
Jaclyn G. MUSKAT, Appellee.
No. 4D06-2511.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
*458 Arthur W. Tifford of Tifford & Tifford, P.A., Miami, and Lawrence R. Metsch of Metsch & Metsch, P.A., Aventura, for appellants.
Robert M. Weinberger of Cohen, Norris, Scherer, Weinberger & Wolmer, North Palm Beach, for appellee.
TAYLOR, J.
We reverse the non-final order of the circuit court compelling arbitration and staying further proceedings in this civil action.
Appellee, Jaclyn G. Muskat, and appellants, Allen H. Libow and William M. Shaheen, formed a limited liability company, Simbabear, LLC, for the sole purpose of acquiring and owning an office building in Boca Raton, Florida. At the time, Muskat was a partner in the law firm of Libow & Muskat, LLP, n/k/a Libow & Shaheen, LLP. The members of Simbabear executed a membership agreement which, in pertinent part, provided for the redemption and liquidation at fair market value of the membership interest of any member who left the law firm. The agreement also provided that "all disputes, claims, and grievances" as to the members' respective rights and obligations under the agreement would be subject to arbitration.
Libow and Shaheen later terminated Muskat's relationship with the law firm. Simbabear then sought to redeem Muskat's membership interest in Simbabear and obtain an appraisal of its fair market value.
Muskat filed a complaint against Simbabear, LLC, Libow & Shaheen, LLP, Allen H. Libow, and William M. Shaheen, requesting in Count I that the court appoint a receiver and select a licensed appraiser to value her membership interest in Simbabear. In Count II, Muskat asserted a claim for civil conspiracy, alleging that the "true purpose" of her termination by Libow and Shaheen was "to implement a scheme whereby they, as the sole remaining members of the LLC and partners of the law firm, would acquire at no cost to themselves, the value of her membership interest." Muskat demanded a jury trial.
The defendants moved to dismiss Muskat's complaint or, in the alternative, to compel arbitration. Thereafter, Muskat served a demand on the defendants for arbitration. Following a hearing, the trial court granted the defendants' alternative *459 motion to compel arbitration and stay proceedings, and further determined that Muskat's request to arbitrate complied with the membership agreement. Accordingly, the court ordered that all claims asserted by Muskat in her complaint, including her claim of civil conspiracy, be arbitrated.
Muskat concedes that the law firm of Libow & Muskat, LLP, n/k/a Libow & Shaheen, LLP, should not have been compelled to participate in binding arbitration with her because the law firm is neither a party to, nor a third-party beneficiary of, the agreement containing the arbitration provision upon which the order is based. Appellee also concedes that the court erred in directing the parties to arbitrate Count II, the civil conspiracy claim, because this claim is beyond the scope of the arbitration provision of the agreement.
We therefore reverse the order compelling the law firm to participate in arbitration and directing the parties to arbitrate the civil conspiracy claim. We remand this cause for purposes of arbitrating Count I of the complaint. Appellants, who moved to compel arbitration during the course of the proceedings below, are judicially estopped from now demanding trial by jury on this count.
Reversed and Remanded.
STEVENSON, C.J., and WARNER, J., concur.